1

2 UNITED STATES DISTRICT COURT

3 FOR THE NORTHERN DISTRICT OF CALIFORNIA

4 OAKLAND DIVISION

5

| | |
|---|---|
| 6  BRIDGET RENEE TANNER, *et al.*, | Case No:  C 09-1558 SBA |
| 7        Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |
| 8        vs. | [Docket 18] |
| 9  BAYER CORPORATION, *et al.*, | |
| 10        Defendants. | |

11

12    The parties are presently before the Court on Plaintiffs' Motion to Remand to State Court.

13 [Docket 18.]  Having read and considered the papers filed in connection with this matter, and being

14 fully informed, the Court hereby DENIES the motion for the reasons set forth below.  The Court, in

15 its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P.

16 78(b).

17 **I.    BACKGROUND**

18    This is a diversity jurisdiction products liability action brought by Plaintiffs Bridget and

19 Russell Tanner, both of whom are residents of Louisiana.  As Defendants, they have named a

20 number of corporations, including Defendants Bayer Corporation, Bayer HealthCare LLC and

21 Bayer Healthcare Pharmaceuticals Inc. (collectively "Bayer"), which are foreign (i.e., out-of-state)

22 entities, and McKesson Corporation ("McKesson"), which all parties agree is a citizen of

23 California.

24    Plaintiffs filed their complaint in San Francisco County Superior Court on March 11, 2009,

25 and served Bayer on March 19, 2009.  Bayer timely removed the action on April 9, 2009.  On May

26 11, 2009, after removal, Plaintiffs served McKesson with the complaint.  McKesson filed a joinder

27 in the removal on May 29, 2009.

28

**1**  **II.**    **LEGAL STANDARD**

**2**       A suit filed in state court may be removed to federal court by the defendant if the federal

**3** court has original subject matter jurisdiction over the suit.  28 U.S.C. § 1441(a); *Snow v. Ford*

**4** *Motor Co.*, 561 F.2d 787, 789 (9th Cir.1977).  District courts have diversity jurisdiction over all

**5** civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of

**6** interest and costs, and is between ... citizens of different States."  28 U.S.C. § 1332(a).  A motion to

**7** remand is the proper procedure for challenging removal.  28 U.S.C. § 1447(c). Courts construe the

**8** removal statute strictly against removal, and any doubts must be resolved in favor of remand.

**9** *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988).  The defendant always bears the burden of

**10** establishing that removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**11** **III.**    **DISCUSSION**

**12**       There is no dispute that there is complete diversity between Plaintiffs and Defendants, and

**13** that the jurisdictional minimum of $75,000 has been satisfied.  Nonetheless, Plaintiffs contend that

**14** removal jurisdiction is absent on the ground that McKesson is a local defendant, i.e., a citizen of

**15** the forum state.

**16**       Section 1441(b) limits removal jurisdiction in diversity cases, and provides that "such

**17** action[s] shall be removable *only* if none of the parties in interest properly joined *and served* as

**18** defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)

**19** (emphasis added).  Stated another way, the removal statute "confines removal on the basis of

**20** diversity jurisdiction to instances where no defendant is a citizen of the forum state."  *Lively v.*

**21** *Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006).  "This 'forum defendant' rule 'reflects the

**22** belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state

**23** court prejudice against the defendants if one or more of them is from the forum state.'" *Spencer v.*

**24** *U.S. Dist. Court for Northern Dist. of Calif.*, 393 F.3d 867, 871 (9th Cir. 2004).

**25**       The forum defendant rule does not apply if the removal is effected by an out-of-state

**26** defendant *before* any local defendant is served.  *See Spencer*, 393 F.3d at 871 (joinder of local but

**27** diverse defendant after removal does not require remand); *McCall v. Scott*, 239 F.3d 808, 813 n.2

**28** (6th Cir. 2001) ("the inclusion of an unserved resident defendant in the action does not defeat

1   removal under 28 U.S.C. § 1441(b)."); *accord* Schwarzer, Tashima and Wagstaffe, *Calif. Practice*

2   *Guide: Fed. Civ. Proc. Before Trial* ¶ 2.627 at 2D-22 (TRG 2008) (defendant may remove action

3   so long as no local defendant has been served).  In this case, there is no dispute that Plaintiffs had

4   not yet served McKesson when Bayer removed the action.  As such, the presence of McKesson in

5   this action as a local defendant does not negate removal jurisdiction.

6   Plaintiffs' citation to *In re Avandia Marketing, Sales Practices and Prods. Liability*, -- F.

7   Supp. 2d --, 2009 WL 498936 (E.D. Pa. 2009) ("*In re Avandia*") is inapposite.  There, the court

8   ruled that a removal may be improper if it is filed prior to service on *any* of the foreign or forum

9   defendants.  However, the court distinguished situations where the *served* out-of-state defendant

10  removes *prior to service on the forum defendant*.  "The application of the forum defendant rule is

11  different when, in an action involving multiple defendants, an out-of-state defendant removes after

12  it has been served, but prior to service upon any forum defendant.  In that situation, the rationale

13  behind the 'joined and served' requirement of § 1441(b) and, to some extent, the protective

14  purpose of diversity jurisdiction, are implicated, and removal by the foreign defendant is proper."

15  *Id.* at \*12.  That scenario is presented in this case.  If anything, *In re Avandia* supports the propriety

16  of the removal.[1]

17  **IV.   CONCLUSION**

18  For the reasons stated above,

19  IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Remand to State Court is

20  DENIED.

21  IT IS SO ORDERED.

22

23  Dated: June 16, 2009                                          _____

24                                                                          Hon. Saundra Brown Armstrong
                                                                            United States District Judge

25

26

_____

27  [1] The other two cases cited by Plaintiffs, *Mohammed v. Watson Pharmaceuticals Inc.*, 2009 WL 857517 (C.D. Cal. 2009) and *Standing v. Watson Pharmaceuticals, Inc.*, 2009 WL 842211 (C.D. Cal. 2009), also involved removals by a foreign defendant prior to service on any of the

28  defendants, and hence, are distinguishable.